UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH WILKINS, | Case No.: 3:20-cv-00546-APG-WGC |
| Plaintiff | **Order Granting Motion to Dismiss** |
| v. | [ECF No. 14] |
| SHERIFF DARIN BALAAM, et al., | |
| Defendants | |

The defendants move to dismiss as moot plaintiff Kenneth Wilkins' requests for injunctive relief because Wilkins has been released from the Washoe County Detention Facility. ECF No. 14. Wilkins responds that his requests for injunctive relief are not moot because others are being held under unconstitutional conditions at the facility and Wilkins may again be confined under those conditions in the future. ECF No. 20.

Generally, an inmate's transfer to another prison facility or his release from prison will render moot any claims for injunctive and declaratory relief relating to prison conditions (unless the suit has been certified as a class action) because the inmate would no longer benefit from having the injunction issued. *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012). There are two exceptions to this mootness doctrine. First, a transferred prisoner's request for injunctive relief is not moot if the policy under which the alleged violation occurred is "system wide and one of the defendants is in charge of the policy." *Walker v. Beard*, 789 F.3d 1125, 1132 (9th Cir. 2015) (quotation omitted). Second, a request for an injunction is not moot if the challenged action is "too short to be fully litigated prior to its cessation or expiration," and "there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985). The mere possibility that a former prisoner will

be sent to prison again is "too speculative to rise to the level of reasonable expectation or demonstrated probability . . . ." *Id.*

Wilkins' request for injunctive relief is moot because he is no longer in custody at the Washoe County Detention Facility and neither exception applies. His request does not meet the system-wide policy exception because he does not allege that any of the defendants' actions were based on a system-wide policy. Wilkins is now in custody at the Warm Springs Correctional Center, and he does not assert that similar conditions persist there under a system-wide policy. Wilkins' injunctive relief request does not meet the second exception because the possibility that he could return to the Washoe County Detention Facility is too speculative.

Finally, Wilkins may proceed pro se, but he has no authority to act as an attorney for others. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Consequently, he cannot seek injunctive relief on behalf of individuals who are still in custody at the facility. Accordingly, I grant the defendants' motion to dismiss Wilkins' request for injunctive relief.

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 14) is GRANTED**. Plaintiff Kenneth Wilkins' requests for injunctive relief are dismissed as moot.

DATED this 7th day of October, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE